UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| STEPHEN GILLILAND, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:08-CV-480 PPS |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) | |
| Defendant. | ) | |

## OPINION and ORDER

This matter is before me on Defendant Norfolk Southern Railway Company's Motion for Partial Summary Judgment. (DE 19.) Norfolk's motion seeks judgment that it is not liable under the Federal Employers' Liability Act ("FELA") for any of Plaintiff Stephen Gilliland's alleged exposures to chemicals before the commencement of his employment with Norfolk which began on June 1, 1999. Because there is no genuine issue of material law or fact, Norfolk's motion for partial summary judgment is granted.

## Background

Stephen Gilliland alleges that he was "repeatedly and continuously exposed to various chemicals" while working at the Elkhart railroad yard which caused him to develop leukemia. (DE 1 ¶¶ 7, 8, 10.) Gilliland brought suit to recover damages for exposures from the start of his work at the Elkhart yard to the present. Norfolk's motion alleges certain facts that Gilliland agrees are undisputed. In particular, the parties agree that Gilliland began working as a yard conductor at a railroad yard in Elkhart, Indiana in 1980 for the Penn-Central Transportation Company and Consolidated Rail Corp. before Norfolk acquired the Elkhart yard in 1999. (DE

21-2, at 2; Gilliland Dep., at 33:18-22.) He filed suit under FELA naming Norfolk as a defendant.

Gilliland's response to summary judgment includes a lengthy statement of facts that he claims are both material and in dispute. (DE 21-2, at 2-10.) Generally speaking, Gilliland alleges that throughout his employment at the Elkhart yard he was exposed to chemicals that caused him to develop leukemia; and that Norfolk violated FELA by negligently exposing him to the chemicals. In particular, he claims that Norfolk was negligent by failing to remove the chemicals, by failing to warn him about the danger, by failing to provide equipment to protect him from the chemicals, and by failing to properly monitor its workplace. (*Id.*) Gilliland alleges that Norfolk's corporate designees admitted that when Norfolk took over the Elkhart yard, it was already a superfund site, and that Norfolk took responsibility for the cleanup requirements when it purchased the yard. (DE 21-4, Hauschildt Dep. at 82-84.) Gilliland makes several allegations about Norfolk's actions after it took over the Elkhart yard, listing instances where Norfolk allegedly failed to remove chemicals; how its remediation program didn't deal with petroleum-impacted soil or benzene; and that Norfolk did not follow its cleanup policies at the Elkhart yard. (DE 21-2, at 4-5.) Gilliland's statement of material facts also includes a description of the adverse health effects of diesel fumes; Norfolk's practices between November 2003 and June 2006; general statements about diesel fuel spills and release of chemicals in the Elkhart yard that were not cleaned; and a description of Gilliland's employment at the Elkhart yard. (*Id.* at 5-9.)

As noted, many of the disputed facts concern actions taken (or not taken) by Norfolk after June 1, 1999. However, for purposes of this motion, I only need to consider disputed facts *prior* to June 1, 1999 because Norfolk only seeks judgment regarding its liability to Gilliland

under FELA prior to June 1, 1999, when Norfolk took over the Elkhart yard.

## Discussion

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. *Doe v. R.R. Donnelly & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The non-moving party must then set forth specific facts showing that there is a genuine issue of material fact and that the moving party is not entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 252 (1986). A genuine dispute about a material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 248.

Norfolk met its burden here. The parties do not dispute that Gilliland was not employed by Norfolk prior to June 1, 1999. (DE 20, at 2; Gilliland Dep. at 33.) Under FELA, only employees of common carriers by railroad may bring suit for injuries suffered while they are employed by that carrier:

> Every common carrier by railroad while engaging in commerce between any of the several States or Territories . . . shall be liable in damages to any person *suffering injury while he is employed* by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier. (emphasis added).

45 U.S.C. § 51 (emphasis added); *Norfolk & Western RR Co. v. Ayers*, 538 U.S. 135, 140 (2003). And Gilliland does not dispute this, admitting it in his deposition and response. (Gilliland Dep. at 33; DE 21-2, at 2.) Rather, Gilliland presents general arguments about Norfolk's liability

prior to 1999. But he does not rebut Norfolk's argument that prior to 1999, Gilliland was not a Norfolk employee and thus does not have a claim against Norfolk for injuries incurred prior to 1999.

Gilliland does argue that Norfolk's motion seeks me to permit it to apportion damages, which the Supreme Court held was improper under FELA in *Norfolk v. Ayers*, 538 U.S. at 160. Under *Ayers*' rule regarding apportionment, if Norfolk is ultimately found responsible for some of Gilliland's damages, it cannot apportion those damages. *Id.* The purpose of this rule is to encourage the railroad carriers to seek contribution from the other tortfeasors. *Id.* at 141. But that argument misses the mark because Norfolk's motion isn't seeking to apportion damages.

Whereas in *Ayers*, the Supreme Court was addressing apportionment of *damages* among different causes of the plaintiff's injury, here, I am dealing with Norfolk's *liability* for Gilliland's exposures prior to June 1, 1999. Apportionment and liability are distinctive because apportionment of damages occurs after liability is established. That distinction matters here because if a jury finds that Norfolk's actions did not cause Gilliland's injury, Norfolk is completely free of liability, and apportionment would be a non-issue. It's only after a jury finds Norfolk liable under FELA that apportionment comes into play. Thus, Gilliland's argument fails because it improperly characterizes Norfolk's motion as one seeking apportionment of damages rather than one establishing the time frame of its liability.

Under FELA, for Norfolk to be held liable for exposures, it must be an employer. The parties agree that Norfolk was not Gilliland's employer until June 1, 1999. Gilliland does nothing to rebut Norfolk's argument that it cannot be held liable until the date it became an employer. Thus, because Norfolk was not an employer until June 1, 1999, it may only be held

4

liable for exposures occurring after June 1, 1999. Norfolk's Motion for Partial Summary Judgment is therefore **GRANTED**.

    **SO ORDERED.**

    **ENTERED**: April 28, 2010

s/ Philip P. Simon<br>
PHILIP P. SIMON, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT